# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 09-5410

September Term, 2010

FILED ON: JULY 8, 2011

SANDRA K. OMAR, ET AL.,

    APPELLANTS

V.

JOHN M. MCHUGH, SECRETARY OF THE UNITED
STATES ARMY, ET AL.,

    APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:05-cv-02374)

Before: GINSBURG, GRIFFITH, and KAVANAUGH, *Circuit Judges*

## ORDER

It is **ORDERED**, on the court's own motion, that the majority opinion issued on June 21, 2011, be amended as follows:

On page 20, before the first full paragraph, insert:

None of this means that the Executive Branch may detain or transfer Americans or individuals in U.S. territory at will, without any judicial review of the positive legal authority for the detention or transfer. In light of the Constitution's guarantee of habeas corpus, Congress cannot deny an American citizen or detainee in U.S. territory the ability to contest the positive legal authority (and in some situations, also the factual basis) for his detention or transfer unless Congress suspends the writ because of rebellion or invasion. *See Boumediene v. Bush*, 553 U.S. 723, 785-86 (2008). In the earlier iteration of this litigation, Omar raised the habeas argument that the Government lacks constitutional or statutory authority to transfer him to Iraqi authorities. The Supreme Court addressed Omar's argument and

determined that the Executive Branch had the affirmative authority to transfer Omar.  *See Munaf v. Geren*, 553 U.S. 674, 704 (2008).  (For wartime military transfers, Article II and the relevant Authorization to Use Military Force generally give the Executive legal authority to transfer.)  Here, we are addressing Omar's separate argument, not about the positive legal authority or factual basis for his transfer, but rather about conditions in the receiving country.  The Supreme Court addressed that argument as well in *Munaf*, and it concluded that a right to judicial review of conditions in the receiving country has not traditionally been part of the habeas or due process inquiry with respect to transfers.  *See id.* at 700-03.  Therefore, Congress need not give transferees such as Omar a right to judicial review of conditions in the receiving country.

It is further **ORDERED**, on the court's own motion, that the concurring opinion issued on June 21, 2011, be amended as follows:

On page 2, first full paragraph, line 17, insert a comma after "moot".

On page 4, first full paragraph, line 1, delete "argues that we need not", and insert in lieu thereof:

> has a more limited view of the Suspension Clause. Without offering a theory that explains which claims the clause protects, the majority argues that we cannot consider Omar's FARR Act claim because it does not fall into any of three categories that apparently make up the majority's view of the habeas universe. This would be a different case, we are told, if Omar were raising a constitutional claim, Majority Op. 17, a claim that existed in 1789, *id.* at 19 n.10, or a claim that there is no "positive legal authority" for his transfer, *id.* at 20. To be sure, constitutional habeas includes these types of claims. But the Supreme Court has told us that constitutional habeas is at least as robust as common law habeas was when Congress passed the Judiciary Act of 1789, *St. Cyr*, 533 U.S. at 301, and the majority's view of our habeas jurisdiction is more restricted than habeas courts' traditional authority "to examine the legality of the commitment," *Ex parte Watkins*, 28 U.S. (3 Pet.) 193, 202 (1830); *see also Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty, and they understood the writ of habeas corpus as a vital instrument to secure that freedom.").
>
> The majority first argues that we lack jurisdiction to

On page 4, first full paragraph, line 3, delete "the majority's", and insert in lieu thereof: "this".

On page 4, first full paragraph, line 12, delete "States.'  *Id.*", and insert in lieu thereof: "States,' *id.*".

On page 5, first full paragraph, lines 1-2, delete "The majority also suggests an alternative theory that the Suspension Clause only applies to", and insert in lieu thereof: "Elsewhere in the opinion, the majority suggests that the Suspension Clause applies only to those".

On page 6, paragraph that carries over from page 5, line 2, begin a new paragraph after "Parliament.".

On page 6, paragraph that carries over from page 5, lines 2-4, delete "The majority is correct that Omar is invoking a relatively new statute to make his claim and that, before", and insert in lieu thereof: "The majority is correct that, prior to".

On page 6, paragraph that carries over from page 5, lines 9-16, delete "But Omar has a colorable claim that the FARR Act has overridden that traditional rule, and the Constitution's habeas corpus guarantee entitles him to raise that claim even though it relies on a recently enacted statute. The historical pedigree of the asserted due process right in *Munaf* only mattered because the existence of a due process right depends on whether the right is historically rooted." and insert in lieu thereof:

> But the majority wrongly suggests that *Munaf v. Geren* limits a prisoner to claims that have "traditionally been part of the habeas or due process inquiry." Majority Op. 21 (citing *Munaf*, 553 U.S. at 700-03). *Munaf* examined the historical pedigree of the right against transfer to torture only because the petitioners in that case argued that their transfers would violate due process, a claim that triggers inquiry into the historic roots of the asserted right. The Court did not have occasion to consider whether the Suspension Clause entitles prisoners to raise claims based on recently enacted statutes. *See Munaf*, 553 U.S. at 703 & n.6 (reserving question of whether Omar could successfully challenge his transfer under the FARR Act).

> Finally, the majority suggests that the Suspension Clause entitles a prisoner to claim that there is no "positive legal authority for [his] . . . transfer" but not that his transfer would violate his statutory rights. Majority Op. 20. The majority never explains why the Suspension Clause's protections depend on a distinction between whether Congress has withheld statutory authority from the Executive to transfer a prisoner or granted a statutory right against transfer, and the difference seems to me no more than "empty semantics." *Id.* at 17. For example, Omar's claim can also be styled as an argument that the government lacks "positive legal authority" to transfer him: he says the FARR Act places his transfer into Iraqi custody beyond the Executive's power. In fact, Omar articulated his FARR Act claim in exactly this way before the district court, asserting that if his claim succeeds the government "will no longer have any legal ground" to transfer him. Pet'r's Opp'n to Mot. to Dismiss 18, No. 1:05-cv-02374 (D.D.C. Dec. 12, 2008).

> But even if there were a meaningful distinction between withholding statutory authority to transfer and granting a statutory right against transfer, the Supreme Court did not recognize any such distinction in *St. Cyr*. Instead, the Court said that "a serious Suspension Clause issue would be presented" if Congress were to strip all courts of jurisdiction to consider an alien's claim that he had a statutory right not to be removed. 533 U.S. at 305. Whatever the merit of the majority's approach to the Suspension Clause, it is not the approach the Supreme Court took in *St. Cyr*.

On page 6, first full paragraph, line 1, delete "also".

On page 8, first full paragraph, line 10, delete "prevent the", and insert in lieu thereof: "prevent".

FOR THE COURT:
Mark J. Langer, Clerk

BY:   /s/
  Jennifer M. Clark
Deputy Clerk